# IN THE COURT OF APPEALS OF IOWA

No. 25-0627
Filed February 11, 2026

**State of Iowa,**
Plaintiff–Appellee,

v.

**Stephanie Dawn Beveridge,**
Defendant–Appellant.

Appeal from the Iowa District Court for Polk County,
The Honorable Scott D. Rosenberg, Judge.

**APPEAL DISMISSED**

Matthew B. De Jong, Rochester, Minnesota, attorney for appellant.

Brenna Bird, Attorney General, and Martha E. Trout, Assistant Attorney
General, attorneys for appellee.

Considered without oral argument
by Ahlers, P.J., and Buller and Sandy, JJ.
Opinion by Ahlers, P.J.

**AHLERS, Presiding Judge.**

Pursuant to a plea agreement, the State amended two felony charges against Stephanie Beveridge to serious misdemeanors and dismissed two additional charges. In return, Beveridge pleaded guilty to the two amended charges. The parties agreed to jointly recommend that the court sentence Beveridge to (1) serve the maximum term of incarceration of one year on each charge with the two sentences ordered to be served consecutively, with the term of incarceration suspended subject to one year of probation; and (2) pay the minimum fine, surcharge, and court costs for each charge. The district court imposed the agreed-upon sentence.

Beveridge filed notice of appeal. She contends the district court abused its discretion by imposing consecutive sentences. The State challenges our jurisdiction to hear Beveridge's attempted appeal.

Because Beveridge pleaded guilty to crimes that are not class "A" felonies, she must establish good cause to appeal, or we do not have jurisdiction over her appeal. *See* Iowa Code § 814.6(1)(a)(3) (2025) (granting a right of appeal from a sentence when the defendant pleads guilty only if the crime is a class "A" felony or the defendant establishes good cause). The good-cause requirement is satisfied when the defendant appeals a sentence that is neither mandatory nor agreed to pursuant to a plea agreement. *State v. Luke*, 4 N.W.3d 450, 455 n.2 (Iowa 2024).

Beveridge fails to satisfy the good-cause requirement because she received the sentence she agreed to under the terms of her plea agreement. As a result, we do not have jurisdiction over her appeal and dismiss it accordingly. *See, e.g.*, *State v. Spencer*, No. 23-0844, 2024 WL 3518267, at *1 (Iowa Ct. App. July 24, 2024) (dismissing appeal for lack of good cause when the defendant received the agreed-upon sentence); *State v. Brumley*,

No. 23-1693, 2024 WL 2842224, at *1 (Iowa Ct. App. June 5, 2024) (same); *see also State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (concluding a defendant has good cause to appeal when challenging a sentence that is not mandatory nor agreed upon in the plea agreement).

**APPEAL DISMISSED.**